UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Eric Rodriguez,

Defendant.

20 Cr. 77 (SHS)

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

WHEREAS defendant Eric Rodriguez (the "defendant") has filed a motion pursuant to 28 U.S.C. § 2255 based on allegations of ineffective assistance of counsel (*see, e.g.*, Dkt. No. 587, at 18-22); and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of the defendant's former counsel Bruce Koffsky, Esq., will be needed in order to allow the Government to respond to the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Mr. Koffsky is needed in order to allow the Government to respond to the motion; and

WHEREAS by making the motion, the defendant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Mr. Koffsky from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*,

IT IS HEREBY ORDERED that the Clerk of Court shall serve upon the defendant a copy of this Order and the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form

by United States mail using the following address information: Eric Rodriguez (Reg. No. 87650-054), United States Penitentiary – Hazelton, PO Box 2090, Preston County, WV 26525. The defendant shall execute and return to the Clerk of Court for filing within 14 days from the date of this Order the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form; and it is further

ORDERED that, within fourteen days from the date that the executed "Attorney-Client Privilege Waiver (Informed Consent)" is filed by the Clerk of Court on behalf of the defendant, Mr. Koffsky shall give sworn testimony, in the form of declarations, addressing the allegations of ineffective assistance of counsel made by the defendant.

ORDERED that, within sixty days from the date on which the latter of Mr. Koffsky declaration is filed, the Government shall file an answer or other pleadings in response to the motion. The defendant shall have thirty days from the date on which he is served with the Government's answer to file a response. Absent further order, the motion will be considered fully submitted as of that date.

Dated: New York, New York
April 5, 2023

_____
HON. SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Eric Rodriguez,

Defendant.

20 Cr. 77 (SHS)

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Eric Rodriguez

You have made a motion pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel by your former attorney, Bruce Koffsky, Esq. (*see, e.g.*, Dkt. No. 587, at 18-22). The Court has reviewed your papers and determined that it needs to have sworn testimonial statements from your former attorney in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claims. This means that if you wish to press your claims of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order ordering your former attorney to give such testimony, in the form of declarations. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court. The form constitutes your authorization to your former attorneys to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his representation of you. However, you should also know that the Court may deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within fourteen days from the date on which you are served with this Order. If the Court does not receive this form, signed by you and notarized, within that time, the Court may deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Bruce Koffsky, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel. This authorization allows my former attorneys to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

_____   Dated: _____
Eric Rodriguez

Sworn to before me this _____ day of _____, 2023

_____
Notary Public

2