UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNITED STATES OF AMERICA

v.                                                        20-cr-77 (SHS)

ERIC RODRIGUEZ,                                           22-cv-6508 (SHS)

                              Defendant.                  OPINION & ORDER

------------------------------------------------------------

SIDNEY H. STEIN, U.S. District Judge.

Defendant Eric Rodriguez has moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel. Rodriguez filed a *pro se* letter on July 19, 2022 (ECF No. 77), which the Court designated as a Section 2255 motion and appointed counsel to represent him. (ECF No. 78.) Rodriguez has also moved *pro se* for a reduction or alteration of his sentence because he is "First Step Act Eligible and Second Chance Act eligible." (ECF No. 103.)

For the reasons that follow, the Court denies Rodriguez's motions.

## I. BACKGROUND

On January 14, 2020, Eric Rodriguez was charged with being a felon in possession of ammunition under 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2. Rodriguez had twice been previously convicted in the state of New York for first-degree robbery and had been sentenced in state court to two concurrent terms of 8 years' imprisonment for those crimes. (Presentence Investigation Report, ECF No. 67.) He was arrested on this federal possession of ammunition charge less than six months after having been released from New York state custody.

Susan Walsh, Esq. was initially appointed to represent Rodriguez pursuant to the Criminal Justice Act. Following a request from Rodriguez for new counsel, (ECF No. 22), attorney Andrew Patel, Esq. was appointed. (ECF No. 24.) Patel subsequently withdrew from representing defendant due to medical concerns, and the Court appointed Bruce Koffsky, Esq. in his place. (ECF No. 50.) Following a number of meetings with Koffsky, Rodriguez appeared remotely[1] before the Court on March 25, 2021 and pleaded guilty pursuant to a *Pimentel* letter to being a felon in possession of ammunition as charged in the indictment. (Plea Tr., ECF No. 64 at 22.) In the course of a

------

[1] The plea was conducted by videoconference during the pandemic pursuant to the CARES Act. *See* COVID-19 Standing Order M10-468, 20-MC-176.

thorough plea allocution, Rodriguez stated clearly that he had had a full opportunity to discuss the case with his counsel, that he was satisfied with his counsel, that he understood each of the rights set forth by this Court, and that he was knowingly and voluntarily entering a guilty plea. (*Id.* at 8-22.) His answers to the Court were clear, direct, and unequivocal. He did not indicate in any way that he was confused or did not understand anything the Court said or asked.[2]

The Court subsequently sentenced Rodriguez principally to 96 months' imprisonment. (ECF No. 75 at 21-22.) According to his sworn declaration submitted in connection with his Section 2255 petition, Rodriguez "spoke to Mr. Koffsky twice by telephone after I was sentenced." (ECF No. 102-1 ¶ 5.) The first time was "on or before July 28, 2021," (*Id.* at ¶ 6), when he "informed Mr. Koffsky that I wanted him to file a notice of appeal" and that Koffsky agreed to do so. (*Id.* ¶ 7.) The second telephone call took place in "August or September of 2021" when Rodriguez "called [Koffsky] for an update on [his] case and to ask whether he filed the appeal." (*Id.* ¶ 8.) Koffsky, an experienced criminal defense attorney, allegedly told Rodriguez that "he had no time to file an appeal for me." (*Id.*) Koffsky flatly contradicts those statements and states in his declaration that "[a]t no point [after sentencing] did the defendant indicate that he wanted me to prepare and file a Notice of Appeal." (Decl. of Atty. Bruce D. Koffsky, ECF No. 88 at ¶ 14.) In addition, Koffsky's time records, annexed to his declaration, reflect no time entry after the July 22, 2021 sentencing. (ECF No. 88-1.)

In his petition, Rodriguez alleges that Koffsky rendered ineffective assistance of counsel in two respects. First, he received ineffective assistance of counsel in violation of his Sixth Amendment right to effective counsel because his attorney failed to ensure that he understood the nature of the plea proceedings, causing him to plead guilty out of fear. Second, he received ineffective assistance of counsel because his attorney failed to file a notice of appeal after Rodriguez requested that he do so. (ECF No. 77; ECF No. 102 at 2.) Rodriguez does not prevail on either claim.

## II. RODRIGUEZ FAILS TO SHOW THAT KOFFSKY'S PERFORMANCE WAS INEFFECTIVE UNDER *STRICKLAND*.

To establish a claim of ineffective assistance of counsel, Rodriguez must show (1) that his attorney's representation fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) that he was prejudiced as a result of the allegedly defective conduct. *Strickland v. Washington*, 466 U.S. 668, 687-88, 693 (1984).

---

[2] The sole exception was when the Court referred to the *Pimentel* letter simply by its date. As soon as the Court referred to the letter as the *Pimentel* letter, defendant's momentary confusion was cleared up and he stated "Oh, the Pimentel letter, yes, yes, I know all about the Pimentel letter, yes, yes." (ECF No. 64 at 17.)

### A. Rodriguez Fails on His Claim that Koffsky's Performance at the Plea Allocution Was Constitutionally Deficient.

Rodriguez fails to demonstrate that Koffsky's performance at the plea allocution fell below an objective standard of reasonableness or that Rodriguez was prejudiced by that conduct. The entirety of Rodriguez's claim with respect to the allocution at his plea proceedings is the single line in his letter to the court: "I coped out to a letter, I was scared and I did not fully understand the procedure or my case." (ECF No. 77 at 2; *see also* ECF No. 102 at 2.) Even construing Rodriguez's claim liberally to raise the strongest possible arguments, as the Court must, the record belies his claim. *See Boykin v. KeyCorp*, 521 F.3d 202, 213-14 (2d Cir. 2008) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). At the plea allocution, the Court found that Rodriguez was "fully competent to enter an informed plea." (Tr. 5:23-8:6.) The Court specifically told defendant that

> I'm going to be describing to you certain rights you have under the Constitution and laws of the United States. You're going to be giving up those rights, Mr. Rodriguez, if you enter a plea of guilty today. I want you to listen to me carefully, sir, and if you don't understand anything I'm asking you, I want you to stop me, you can ask me whatever you want, you can ask Mr. Koffsky anything you want, and we can even make sure that you're speaking with him on a confidential basis.

(ECF No. 64 at 8:12-20.)

The Court then described each of the rights Rodriguez was waiving by pleading guilty; confirmed that he understood the contents of the *Pimentel* letter and that there was an adequate factual basis to support his plea, (Plea Tr., ECF No. 64 at 8:23-22:25); and found that Rodriguez entered his plea "knowingly and voluntarily." *Id.* at 22:50-25. As noted above, his responses were clear, direct, and evinced no confusion. Furthermore, Koffsky submitted a sworn affidavit that "[a]t no time during [his] representation of the defendant . . . did the defendant indicate that he was unaware of what he was doing or that he was entering a guilty plea against his own volition [or that] he was incompetent to proceed [nor did he] ask any question or raise any concern that was left unanswered." (ECF No. 88 ¶ 10.) He also wrote that Rodriguez's prior attorneys had never indicated "that defendant did not or could not comprehend the situation he was in or the decisions that he would have to make." (*Id.* ¶ 10.)

In sum, Rodriguez fails to meet the first *Strickland* prong here: he does not demonstrate that Koffsky's representation failed to meet an objective standard of reasonableness.

Even if Rodriguez had met the first *Strickland* prong, he would nonetheless fail to meet the second prong: that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Rodriguez does not identify any information that he lacked prior to his plea, nor does he explain how any new or additional information would have caused him to alter his plea. Thus, Rodriguez has satisfied neither prong of *Strickland* with respect to his attorney's performance during the plea proceedings.

### B. Rodriguez Fails on His Claim That Koffsky's Performance Was Constitutionally Deficient for Failure to File a Notice of Appeal.

Rodriguez also fails to demonstrate that Koffsky's failure to file a notice of appeal fell below an objective standard of reasonableness. Although an attorney must file an appeal when instructed to do so, *see Capusano v. United States*, 442 F. 3d 770 (2d Cir. 2006), "a defendant cannot support his [Section 2255] petition by making wholly conclusory assertions that have no basis in the record." *United States v. Guzman-Cabrera*, No. 18-CR-868, 2023 WL 4558522, at *2 (S.D.N.Y. July 17, 2023). Rodriguez avers that he twice called Koffsky after he was sentenced, once to request that Koffsky file a notice of appeal and once to inquire as to the status of the appeal. (ECF No. 102-1.)

However, Rodriguez presents no evidence to support this claim apart from his own uncorroborated statement. In contrast, Koffsky avers by sworn affidavit that Rodriguez never "indicate[d] that he wanted the undersigned to prepare and file a Notice of Appeal," and Koffsky submitted his time records which contain no record of any conversation with the defendant after he was sentenced. (ECF No. 88-1.) In addition, Koffsky never received any correspondence from Rodriguez regarding filing a notice of appeal, nor did any representative of Rodriguez contact Koffsky in that regard. (ECF No. 88 ¶ 14.) Because Rodriguez has only made conclusory assertions which lack any evidentiary support, he fails to prove that Koffsky was asked to file a notice of appeal but failed to do so.

For the above reasons, Rodriguez's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is denied.[3] Because Rodriguez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107,111-13 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order

---

[3] The Court denies Rodriguez's motion without an evidentiary hearing because any testimony would not add to the written submissions before the Court. *See* 28 U.S.C. § 2255(b); *see also United States v. Huggins*, No. 13-CR-155, 2019 WL 697293 at *5 (S.D.N.Y. Feb. 20, 2019) (quoting *Puglisi v. U.S.*, 586 F.3d 209, 213 (2d Cir. 2009)).

would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445-46 (1962).

### III. RODRIGUEZ IS NOT ELIGIBLE FOR A SENTENCE REDUCTION UNDER THE FIRST STEP ACT OF 2018 OR THE SECOND CHANCE ACT OF 2007.

Rodriguez also recently submitted a letter claiming, without elaboration, that he is "First Step Act eligible and Second Chance Act eligible." (ECF No. 103.) Even construing this letter liberally, Rodriguez is not eligible for any alteration in his sentence under the First Step Act or the Second Chance Act.

The First Step Act contains a variety of provisions, including the following: it directs the Attorney General to develop a risk and needs assessment for all Bureau of Prisons inmates, constrains sentencing enhancements for defendants with prior drug felony convictions, reduces certain mandatory minimum penalties, eliminates the "stacking" provision of 18 U.S.C. § 924(c), and effects various other sentencing reforms. *See* Pub. L. No. 115-391, 132 Stat. 5210. None of its provisions apply to Rodriguez.

The Second Chance Act which, among other provisions, assists prisoners to reenter their communities after incarceration, is similarly inapplicable to Rodriguez at this time.

Accordingly, Rodriguez's application for release under the First Step Act and the Second Chance Act is denied for the reasons set forth above.

Dated: New York, New York
       March 3, 2025

SO ORDERED:

Sidney H. Stein, U.S.D.J.